NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**INTEL CORPORATION,**
*Appellant*

**v.**

**XMTT, INC.,**
*Appellee*

---

2021-2127

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2020-00145.

---

Decided: April 19, 2022

---

COSMIN MAIER, Desmarais LLP, New York, NY, argued for appellant. Also represented by PAUL A. BONDOR, JOHN M. DESMARAIS, LINDSEY MILLER.

ANTHONY ROWLES, Irell & Manella LLP, Los Angeles, CA, argued for appellee. Also represented by MORGAN CHU, BENJAMIN W. HATTENBACH, HONG ANNITA ZHONG.

---

Before MOORE, *Chief Judge*, CLEVENGER and HUGHES, *Circuit Judges*.

MOORE, *Chief Judge*.

Intel Corporation appeals from an *inter partes* review final written decision. *See Intel Corp. v. XMTT, Inc.*, No. IPR2020-00145, 2021 WL 1895938 (P.T.A.B. May 11, 2021) (*Board Decision*). In that decision, the Patent Trial and Appeal Board held that no claim of U.S. Patent No. 7,707,388 would have been obvious over Nakaya[1] in combination with other references. For the following reasons, we affirm.

Intel is judicially estopped from raising its claim construction argument. The Board adopted the claim construction for which Intel advocated. *Board Decision*, 2021 WL 1895938, at \*4–5. Yet, Intel now changes its position and advocates for a claim construction that is clearly inconsistent with its position before the Board. *Compare* Appellant's Br. 36–37, *with* J.A. 685–86. Intel is judicially estopped from raising this argument. We need not consider Intel's argument that Nakaya discloses the disputed claim limitations under its new construction.

Further, the Board did not violate Intel's due process rights. Even if Intel was entitled to an opportunity to respond to the Board's claim construction, the Board provided one. It allowed supplemental briefing for the express purpose of addressing its proposed claim construction. J.A. 591–95. Thus, there was no due process violation.

## AFFIRMED

COSTS

Costs to XMTT.

---

[1]    U.S. Patent No. 5,978,830.